NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VATSAL JOSHI,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   19-72484

Agency No. A063-668-690

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Vatsal Joshi, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review factual findings for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Joshi does not challenge the BIA's determination that he was convicted of a particularly serious crime that rendered him ineligible for withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Joshi's withholding of removal claim.

Substantial evidence supports the BIA's denial of deferral of removal under CAT because Joshi failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

The record does not support Joshi's contentions that the IJ and BIA failed to consider evidence, ignored the law, or otherwise erred in its analysis of his deferral of removal under CAT claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the

2

presumption that the BIA reviewed the record); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). To the extent Joshi raises for the first time due process contentions as to the IJ's conduct, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring exhaustion of procedural errors that could be corrected by the BIA).

We also lack jurisdiction to consider Joshi's contentions regarding adjustment of status and the cognizability of a particular social group. *See id*. at 677-78 (court lacks jurisdiction to review claims not presented below).

We do not consider the materials Joshi references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**